**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

The Doug Beat Co.,                                                3:09CV1507

    Plaintiff,

v.                                                                                 ORDER

Watkins Transportation Co.,

    Defendant.

This is a suit under the Carmack Amendment, 49 U.S.C. § 14706(a), to recover for losses resulting from the failure of the defendant trucking company to deliver a shipment to the plaintiff. That failure resulted from the disappearance of the truck carrying the shipment.

Pending are two motions by the defendant: 1) to determine the proper measure of damages (Doc. 22); and 2) for partial summary judgment. (Doc. 28).

For the reasons that follow, the defendant's motion re. damages – which, in effect, is a motion to declare that damages are limited to plaintiff's purchase price of the goods being shipped – shall be denied. Because plaintiff does not contest the merits of defendant's motion for partial summary judgment, that motion shall be granted.

The gravamen of defendant's motion regarding the measure of damages is that assessment of any amount of damages beyond the amount plaintiff paid for the shipped goods (used electrical

motors, purchased for $6,300, sight unseen) would be an exercise in speculation. This is so, defendant argues, because neither plaintiff nor his two experts have a plausible, reasonable or reliable basis for expressing an opinion as to the fair market value of the motors other than what plaintiff paid for them.

Following a *Daubert* hearing, I overruled defendant's challenge to the ability of plaintiff and the experts to express an opinion as to what the fair market resale value of the motors, following any necessary refurbishing, would have been. I overruled the defendant's challenge to such testimony, *inter alia*, on the basis that plaintiff and the witnesses, all of whom are in the business of buying, refurbishing (when necessary) and selling used motors, persuaded me that they can give sufficiently reliable and relevant opinions about the range of market values for the motors.

The plaintiff and his witnesses being able to testify, it necessarily follows that it is for the jury, and not for me, to decide whether to credit that testimony. At this point, it is sufficiently reliable and well-founded for the jury to hear and consider this testimony.

Defendant's motion to limit the extent of any damage award shall, accordingly, be overruled.

As noted, plaintiff has not challenged the merits of defendant's motion for partial summary judgment. That motion contends that the Carmack Amendment preempts plaintiff's state law claims for prejudment interest, attorney's fees, etc. That contention is well-taken.

It is, therefore,

ORDERED THAT:

1. Defendant's motion to limit the extent of damages (Doc. 22) be, and the same hereby is overruled; and

2. Defendant's motion for partial summary judgment (Doc. 28) be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Chief Judge